IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| A & I PRODUCTS, INC., | ) ) ) ) ) | **C O M P L A I N T** JURY TRIAL DEMANDED |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., to correct unlawful employment practices based on sexual harassment and retaliation. The Commission alleges that A & I Products, Inc. subjected Ann Boyd and Jennifer Wilson to sexual harassment by a co-worker and retaliated against them after Boyd filed a charge of discrimination with the Commission complaining of the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant A & I Products, Inc. ("Employer" or "Defendant"), has continuously been a foreign corporation doing business as A & I Products, Inc. in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Ann Boyd (hereinafter "Boyd") filed a charge of discrimination with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately September, 2004, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and 3(a). The unlawful employment practices involved subjecting Ann Boyd and Jennifer Wilson to harassment because of their sex

2

and disciplining them in retaliation for opposing practices made unlawful by Title VII.

8. Boyd was hired by Defendant on or around June 2001, as a warehouse worker in its Memphis, Tennessee facility.

9. Around September 2004, a male co-worker exposed himself and masturbated in the presence of Boyd and co-worker Jennifer Wilson while they were taking a break in the employee lounge.

10. Boyd and Wilson immediately complained to the Assistant Warehouse Manager, who laughed off the complaint and suggested that Boyd and Wilson enjoyed the male co-worker's behavior.

11. After Boyd and Wilson complained to the Assistant Manager, the male co-worker continued to expose and fondle himself in front of one or the other woman on a frequent basis.

12. On November 5, 2004, Boyd filed a charge of sexual harassment with the Commission.

13. Thereafter, the Warehouse Manager advised Boyd that, per company policy, there was nothing he could do about her allegations without first witnessing the offending conduct.

14. After Boyd filed her charge with the Commission, the male co-worker continued to expose and fondle himself in the presence of Boyd or Wilson, though on a less frequent basis.

15. The first time the male co-worker exposed and fondled himself after Boyd's charge with the Commission had been filed, she complained directly to the Warehouse Manager.

16. Defendant again took no action to stop the offensive conduct.

17. On December 12, 2004, Boyd and Wilson both received written warnings for deliberately falsifying inventory records. These warnings were the first such disciplines either

woman had ever received from Defendant.

18. On January 6, 2005, both Boyd and Wilson were suspended for three days without pay for allegedly falsifying inventory records again.

19. On March 29, 2005, Boyd filed a charge with the Commission alleging that the written warnings and suspensions had been issued in retaliation for Boyd's initial charge of sexual harassment.

20. In July, 2005, the male co-worker proposed to pay Boyd $20.00 to watch him masturbate.

21. Boyd reported the male co-worker's proposition to the Assistant Manager who followed her back to the area where male co-worker was located. The Assistant Manager witnessed the male co-worker fondling his exposed genitalia.

22. Based on the Assistant Manager's observation and the male co-worker's otherwise poor job performance, the male co-worker was terminated. The male co-worker's termination came approximately ten months after Boyd's first complaint about his conduct.

23. The unlawful employment practices complained of in paragraphs 7 through 22 were intentional.

24. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ann Boyd and Jennifer Wilson.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in

harassment and retaliation and any other employment practice which discriminates on the basis of sex, female or retaliation.

      B.      Order Defendant Employer to provide mandatory training regarding Title VII and its prohibition against sexual harassment and retaliation to all management and non-management officials in its various facilities

      C.      Order Defendant Employer to institute and carry out policies, practices and programs to eradicate the effects of its past and present unlawful employment practices.

      D.      Order Defendant Employer to make whole Ann Boyd and Jennifer Wilson by providing appropriate back pay with prejudgment interest in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      E.      Order Defendant to make whole Ann Boyd and Jennifer Wilson by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

      F.      Order Defendant to make whole Ann Boyd and Jennifer Wilson by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish and humiliation, in amounts to be determined at trial.

      G.      Order Defendant to pay punitive damages to Ann Boyd and Jennifer Wilson for its malicious and/or reckless conduct, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper.

      I.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,


        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        s/ Adele Rapport (by permission DBT)
        ADELE RAPPORT
        Acting Regional Attorney
        MI Bar No. P44833

        s/ Faye A. Williams (by permission DBT)
        FAYE A. WILLIAMS
        Supervisory Trial Attorney
        TN Bar No. 11730

        s/ Darin B. Tuggle
        DARIN B. TUGGLE
        Trial Attorney
        NJ Bar No. 048621998

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1407 Union Avenue, Suite 621
        Memphis, Tennessee  38104
        Telephone:  (901) 544-0137